IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

**JOHN JOHNSON,**

        **Petitioner,**

v.                                                     **Civil Action No. 5:19cv154**
                                                                       (Judge Stamp)

**R. KEYES, Acting Warden,**

        **Respondent.**

### REPORT AND RECOMMENDATION

### I.    BACKGROUND

On April 24, 2014, the *pro se* petitioner, John Johnson ("Telfer") filed an Application for Habeas Corpus pursuant to 28 U.S.C. § 2241, together a Motion for Leave to Proceed *in forma* pauperis. Although the Petitioner did not file a Prisoner Trust Account Report, the undersigned finds it nonetheless appropriate to conduct a preliminary review and issue this report and recommendation pursuant to LR PL P 2.

### II.    PETITION

In his petition, Johnson raises one claim. Specifically, he alleges that the Bureau of Prisons is trying to carry out a death sentence that the United States District of Ohio did not impose upon him. In support of this allegation, he alleges that he has [Meckel's] diverticulum[1] which he maintains is life threatening. He further alleges that because the BOP ignored his condition, his stomach wall has split, and he can now stick four fingers inside his belly. He further maintains that the BOP is refusing to treat

---

[1] Although Johnson alleges that he suffers from "Merkerls" Diverticulum, the undersigned can find no reference to that condition in any medical literature. It appears, instead, that Johnson means that he has Meckel's diverticulum "which is an outpouching or bulge in the lower part of the small intestine. The bulge is congenital (present at birth) and is a leftover of the umbilical cord. Meckel's diverticulum is the most common congenital defect of the gastrointestinal tract." https://my.clevelandclinic.org/health/diseases/14738-meckels-diverticulum

1

his [Meckel's] diverticulum, and therefore, is trying to kill him.  For relief, he indicates that he wants to be treated for the [Meckel's] diverticulum and for the hole in his stomach.

### III.    ANALYSIS

A section 2241 petition is used to attack the manner in which the sentence is executed.  See 28 U.S.C. § 2241.  More specifically, a section 2241 petition is appropriate where a prisoner challenges the fact or duration of his confinement but not the conditions of that confinement. See *Preiser v. Rodriguez*, 411 U.S. 475, 499-500 (1973).

Here, Johnson complains about the conditions of his confinement.  Specifically, his claims relate to his medical condition and what the undersigned construes as an allegation of indifference to that condition. This claim is not an attack on, nor is it related in any way to, the execution of his sentence.  Thus, Johnson's claims regarding the conditions of his confinement should have been raised pursuant to a civil rights complaint. *Preiser* at 499-500 (a civil rights action is the proper remedy for a prisoner challenging the conditions of his prison life).  See also *Lee v. Winston*, 717 F.2d 888 (4th Cir. 1983).  Because a petition for writ of habeas corpus under § 2241 is not the proper avenue in which to seek the requested relief, the petition should be denied and dismissed from the Court's active docket.

### IV.    RECOMMENDATION

In consideration of the foregoing, it is the undersigned's recommendation that Johnson's § 2241 petition [ECF No.1] be **DENIED and DISMISSED** without prejudice to his right to file his claims a civil rights action. In addition, the undersigned

recommends that Johnson's Motion for Leave to Proceed *in forma* pauperis [ECF No. 2] be **DENIED AS MOOT**.

The Petitioner shall have fourteen days from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation, **together with a Bivens packet** to Johnson by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED:  April 26, 2019.

/s/ *James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE